■ CENTENNIAL INSURANCE COMPANY et al., Plaintiffs, v HING FA, INC., et al., Defendants, and JOSEPH P. DAY REALTY CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. WELL DONE ENTERPRISES, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendants. (And Other Actions.) [754 NYS2d 4] —Order, Supreme Court, New York County (Edward Lehner, J.), entered June 13, 2001, which, to the extent appealed from, granted the cross motion of third-party defendants Well Done Enterprises, Inc. and Hin Ming "Norman" Law (Law) for summary judgment dismissing the third-party complaint and all cross claims against them, unanimously reversed, on the law, without costs, the cross motion denied, the third-party complaint and cross claims against Well Done Enterprises and Law reinstated, and the matter remanded for further proceedings.

The third-party defendants Well Done and Law concededly had been cited, a mere three days prior to the fire in issue, by the Fire Department Bureau of Fire Prevention for creating or failing to eliminate a fire hazard, including a direction to "disconnect hood duct from existing ducts, so that hood duct is independent." It was, therefore, incumbent upon them, in support of their summary judgment motion, to establish that this proof of negligence bore no relation to the spread of the fire from the adjacent restaurant. Aside from the language in the violation order itself, one of the fire inspectors who was present at the time of its issuance recalled that the violation related to the interconnection between the duct systems of the adjoining restaurants, which was in his own words "a big no-no." Thus, although another fire inspector testified at his deposition to a lack of knowledge as to the cause of the fire spreading or whether the two restaurants' duct systems were intercon-

nected, the testimony of the party witnesses, Law and Wong, who were interested witnesses and who testified that the ducts were not interconnected, at best raised questions of fact, but was insufficient to warrant a finding as a matter of law that the duct systems were not interconnected or that the work associated with the issuance of the violations had not contributed to the spread of the fire. Indeed, third-party defendant Law admitted at his deposition that he may not have followed up on the Fire Department's direction to cap the existing duct prior to the fire. Concur—Andrias, J.P., Buckley, Sullivan and Friedman, JJ.